# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR213 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TERRY TYLER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion regarding a potential reduction in sentence under 18 U.S.C. § 3582(c)(2) (Filing No. 211). Counsel was appointed, entered an appearance, and zealously represented the Defendant, Terry Tyler (Filing No. 214).

## I. FACTUAL BACKGROUND

Tyler pleaded guilty, in pertinent part, to Count I of the Indictment charging him with conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, i.e. crack cocaine. Tyler's plea agreement, reached under Federal Rule of Criminal Procedure 11(c)(1)(C), stated:

> The parties agree that you shall be sentenced to 292 months. In arriving at this calculation . . . the parties hereby agree that you should be held responsible beyond a reasonable doubt for more than 1.5 kilograms of a mixture or substance containing a detectable amount of cocaine base (i.e. crack cocaine) and, therefore, pursuant to U.S.S.G. § 2D1.1, the defendant's base offense level is 38. Your total offense level is 35 and your criminal history category is VI.

(Filing No. 112, ¶ 8.)

The Presentence Investigation Report ("PSR"), prepared using the 2003 edition of the *Guidelines Manual*, held Tyler responsible for "approximately 5.26 kilograms of crack cocaine," placing him within base offense level 38 under U.S.S.G. § 2D1.1. Tyler was a

career offender. However, in applying U.S.S.G. § 4B1.1(a) the PSR stated, "the offense level would become 37; however, the higher level must be utilized. The offense level remains 38." (PSR, ¶ 36.) A 3-level downward adjustment for acceptance of responsibility was awarded, and the total offense level was 35. Tyler was within criminal history category VI, and his sentencing guideline range was 292-365 months. Neither party objected to the PSR.

In accordance with the plea agreement, the Honorable Thomas M. Shanahan sentenced Tyler to 292 months imprisonment, stating that "here the guidelines become irrelevant because you have agreed to the sentence to be imposed upon you." (Filing No. 142, 21:1-3.) Judge Shanahan made additional statements at sentencing indicating that he considered the guidelines as inapplicable given the Rule 11(c)(1)(C) agreement. (*Id.*, 20:21-22; 22:14-16.) Despite his statements regarding the inapplicability of the sentencing guidelines, Judge Shanahan accepted the PSR. (*Id.*, 4:10.) Judge Shanahan's Statement of Reasons also reflected his view that the guidelines were a factor in fashioning Tyler's sentence:

> [T]he sentence is imposed for the following reason(s): The court accepted the parties' plea agreement in which the parties agreed to a sentence within the applicable guideline range. Because the agreed upon sentence was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and is at the low end of the applicable guideline range, the court accepted the plea agreement according to [U.S.S.G. §] 6B1.2(c)(1).

(Statement of Reasons, at 2.)

In 2008, Tyler moved for a reduction in sentence based on Amendment 706 to the crack cocaine guidelines. The Court denied his motion, stating:

> [T]he amount of crack cocaine agreed upon by the parties in the Rule 11(c)(1)(C) plea agreement could place Tyler within base offense levels 36

2

(at least 1.5 but less than 4.5 kilograms) or 38 (4.5 kilograms or more). Because the language in the plea agreement did not place an upper limit on the amount of crack cocaine attributable to Tyler, neither party objected to any portion of the PSR in which drug quantity was discussed, and nothing in the record provides the Court with any basis to limit the amount of crack cocaine to less than 4.5 kilograms of crack cocaine, the Court cannot now arbitrarily place a limit of less than 4.5 kilograms on the quantity.

Tyler met the definition of a career offender under U.S.S.G. § 4B1.1(a). He was sentenced as a career offender; however, the career offender enhancement was not applied in accordance with the career offender guideline, § 4B1.1(b). The Eighth Circuit has stated that a career offender's base offense level is determined under U.S.S.G. § 4B1.1 and not U.S.S.G. § 2D1.1. The sentencing commission lowered the levels under § 2D1.1(c) and did not amend § 4B1.1. *United States v. Tingle,* 524 F.3d 839, 840 (8th Cir.), *cert. denied,* 129 S. Ct. 473 (2008).

(Filing No. 181, at 2-3.)

Tyler now moves under § 3582(c)(2) for a reduction in sentence based on Amendment 750 to the sentencing guidelines.

## II. PROBATION OFFICER'S WORKSHEET

The probation officer completed a worksheet applying the 2011 sentencing guideline scheme. The worksheet reflects the base offense level as 37 (applying U.S.S.G. § 4B1.1), noting that absent the career offender enhancement the base offense level would be 36 based on 5.26 kilograms of crack cocaine. After a 3-level deduction for acceptance of responsibility, the worksheet reflects a total offense level of 34, criminal history category VI, and a guideline range of 262-327 months. In summary, the worksheet states that Tyler is eligible for a 30-month reduction to 262 months.

## III. THE GOVERNMENT'S POSITION

The government argues that because Tyler was a career offender, he is not entitled to relief, relying on *United States v. Tingle,* 524 F.3d 839, 839-40 (8th Cir. 2008).[1] The reasoning of the Eighth Circuit Court of Appeals in *Tingle* and similar cases is that, in achieving equality between crack and powder cocaine, the Sentencing Commission lowered the offense levels under U.S.S.G. § 2D1.1 but not the ranges for career offenders under § 4B1.1. *Id.* at 840 (citing U.S.S.G. § 1B1.10(a)(2)(B)).

The government argues that Tyler's base offense level for the crack cocaine was 38; because he was a career offender his base offense level remained at 38; and under U.S.S.G. § 1B1.10[2] that enhancement would remain under a recalculation done in light of Amendment 750.

---

[1]Tingle's base offense level was determined by his career offender level, because that level was higher than the level that corresponded with his drug quantity. Therefore, because Tingle was not sentenced based on a sentencing range under § 2D1.1 that was lowered, he was not eligible for a sentence reduction. *Tingle,* 524 F.3d at 840. *Tingle* did not involve a Rule 11(c)(1)(C) plea agreement.

[2]Section 1B1.10(b)(1) states:

In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

## IV.     THE DEFENDANT'S POSITION

### A.     Assuming the Consideration of Tyler's Career Offender Status

Tyler asserts the government's argument (that he is not eligible for a reduction because his sentence was based on § 4B1.1, which has not been amended, as opposed to § 2D1.1, which has been amended) is misplaced. Tyler argues that his career offender status "never took effect" because his base offense level of 38, determined by the applicable drug quantity, trumped the career offender offense level. He notes that his plea agreement included the parties' agreement to: a 292-month sentence; a drug quantity of more than 1.5 kilograms of a crack cocaine mixture resulting in base offense level 38; a total offense level of 35; and criminal history category VI. He therefore argues that his plea agreement included a "range." He argues that his sentence was based on the Rule 11(c)(1)(C) agreement that only referenced § 2D1.1.

Tyler argues that, if his career offender status enters into the recalculation at all, he would now be in a guideline range of 262-327 months based on a total offense level of 34 (base offense level 37 under § 4B1.1,[3] with a 3-level downward adjustment for acceptance of responsibility) and placement in criminal history category VI. Under this scenario, which is consistent with the probation officer's worksheet, Tyler requests a 262-month sentence.

### B.     *Freeman v. United States*

### 1.     The Decision

Tyler's alternative argument relies on the decision in *Freeman v. United States,* 131 S. Ct. 2685 (2011). Freeman pleaded guilty under a Rule 11(c)(1)(C) plea agreement in

---

[3]In his brief, Tyler assumes a drug quantity of 5.26 kilograms, which would place him at base level 36 under the current version of § 2D1.1.

which "the Government 'agree[d] that a sentence of 106 months' incarceration'" was appropriate. The plea agreement also stated that Freeman agreed "'to have his sentence determined pursuant to the Sentencing Guidelines.'" *Id.* at 2691. His agreement set out the parties' expectation that his guideline range would be 46-57 months based on a total offense level of 19 and criminal history category IV. *Id.* at 2691 & 2699. The district court accepted the plea agreement, adopted the facts and guideline application in the presentence report, and imposed the term of 106 months[4] imprisonment required under the Rule 11(c)(1)(C) plea agreement. *Id.* at 2691. In 2008, Freeman later moved for a reduction in sentence pursuant to the amendments to the crack cocaine guidelines. The Sixth Circuit Court of Appeals affirmed the district court's denial of the motion, holding that a defendant sentenced under a Rule 11(c)(1)(C) agreement that specifies a sentence was ineligible for relief under 18 U.S.C. § 3582(c)(2). *Id.* at 2692. The Supreme Court framed the issue as "whether defendants who enter into 11(c)(1)(C) agreements that specify a particular sentence may be said to have been sentenced 'based on' a Guidelines sentencing range, making them eligible for relief under § 3582(c)(2)."[5] *Id.* at 2691.

---

[4]The plea agreement stated that Freeman would receive a consecutive 60-month sentence as a result of his plea to a gun count charging him under 18 U.S.C. § 924(c)(1)(A). The plea agreement did not specify a 46-month sentence on the drug count. However, 106 months minus the mandatory 60-month term to be imposed on the gun count left 46 months, which corresponded to the low end of the 46-57 month range the parties agreed to with respect to the drug count. *Id.* at 2700.

[5]18 U.S.C. § 3582(c)(2) (emphasis added) states, in pertinent part, that a court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has been subsequently lowered by the Sentencing Commission."

The Supreme Court's four-member plurality explained that a judge's acceptance of a requested Rule 11(c)(1)(C) sentence is based on the guidelines.  The Court noted that the policy statement set out in U.S.S.G. § 6B1.2 "forbids the district judge to accept an 11(c)(1)(C) agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range." *Id.*  The Court referred to the policy statement set out in U.S.S.G. § 1B1.10(b)(1) that applies to § 3582(c)(2) motions, noting that by instructing courts to substitute only the retroactive amendment and leave all other guideline determinations in place, § 3582(c)(2) allows a district court to "revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Id.* at 2692-93.  In summary, the plurality opined that an 11(c)(1)(C) sentence is "based on" the guidelines and therefore under § 3582(c)(2) a court may always grant relief to a defendant who entered into a Rule 11(c)(1)(C) agreement that specifies a guideline range that has been lowered by the Sentencing Commission.  *See id.*

Four justices dissented, stating that in situations involving Rule 11(c)(1)(C) plea agreements a sentence reduction may never be granted because the sentences are based on the binding plea agreements rather than on the sentencing guidelines.  *Id.* at 2700-05.

In her concurring opinion Justice Sotomayor agreed that Freeman was entitled to a reduction, but she disagreed with the plurality's reason.  Her opinion is the "narrowest ground for the Court's decision and thus represents the Court's holding in *Freeman*." *United States v. Smith,* 658 F.3d 608, 611 (6th Cir. 2011); *see also United States v. Rivera-Martinez,* 665 F.3d 344, 348 (1st Cir. 2011); *United States v. Brown,* 653 F.3d 337, 340 & n.1 (4th Cir. 2011), *cert. denied,* 132 S. Ct. 1003 (2012).  *Cf. United States v. Spencer,* 592

7

F.3d 866, 879 n.4 (2010) (when a Supreme Court decision is "a plurality opinion, its precedent is the narrowest holding that garnered five votes). Justice Sotomayor stated that a sentence imposed in a case involving a Rule 11(c)(1)(C) plea agreement is based on the plea agreement rather than the guidelines and, therefore, § 3582(c)(2) relief is generally not available. *Id.* at 2697 (Sotomayor, J., concurring). However, she noted an exception to this general rule, when a plea agreement specifically refers to and relies upon a guideline range. She reasoned that only then is the term of imprisonment "based on" the guideline range under § 3582(c)(2). *Id.* at 2695.

### 2. Tyler's Application of *Freeman*

Tyler's alternative argument under *Freeman* is that he is entitled to a range of 235-293 months based on a base offense level of 36, total offense level of 33 after credit for acceptance of responsibility, and criminal history category VI. Tyler interprets Justice Sotomayor's concurring opinion in *Freeman* to indicate that the Court should: begin with base offense level 36, the level that according to Tyler now reflects the drug quantity stated in the plea agreement; deduct 3 levels for acceptance of responsibility; and arrive at a total offense level of 33. Under this scenario, Tyler argues he should be sentenced to 235 months.

### V. THE COURT'S DECISION

Tyler's Rule 11(c)(1)(C) plea agreement stated a specific sentence of 292 months as well as the guideline calculation supporting the 292-month sentence. The parties agreed that Tyler was to be held responsible beyond a reasonable doubt for more than 1.5 kilograms of a mixture or substance containing a detectable amount of cocaine base (i.e. crack cocaine) and, therefore, under U.S.S.G. § 2D1.1, his base offense level was 38. As

8

the agreement further stated, his total offense level was 35 and his criminal history category was VI. Under the 2003 guidelines, therefore, the range was 292-365 months. In summary, the guideline "range" was specified in Tyler's plea agreement and, therefore, under Justice Sotomayor's concurring opinion in *Freeman* Tyler is entitled to a reduction.

The difficulty is in determining a new range. In *Freeman*, the task of determining the new range was an easy one. Although the Supreme Court opinion did not state whether the specific drug quantity attributed to Freeman was stated in the plea agreement, when he was sentenced the base offense level of 22 encompassed a quantity of at least 3 but less than 4 grams of cocaine base. The 2008 amendment to § 2D1.1 resulted in assigning base offense level 20 to at least 3 but less than 4 grams of cocaine base. In other words, the range of Freeman's attributed drug quantity was simply assigned one new offense level.

In Tyler's case, the plea agreement states a drug quantity of "more than 1.5 kilograms of a mixture or substance containing a detectable amount of cocaine base." When Tyler was sentenced under the 2003 guidelines, base offense level 38 encompassed a quantity of 1.5 kilograms or more of cocaine base. In 2008, the Court denied Tyler's motion for a reduction because it had no basis to conclude that it could attribute less than 4.5 kilograms of crack cocaine to Tyler, which would have been necessary to consider a reduction. The Court could only conclude that he was responsible for the 5.26 kilograms attributed to him in the PSR. In making that determination, the Court was able to consider matters outside the plea agreement, including the PSR.

Since then, *Freeman* was decided. Under *Freeman*, the Court may not consider anything not contained in the plea agreement including the PSR, the lack of the parties'

objections to the PSR, statements at sentencing, or the Statement of Reasons. Justice Sotomayor's approach results in the potential application of three offense levels under amended § 2D1.1, using the drug quantity of 1.5 kilograms or more of cocaine base specified in the plea agreement: 34 (at least 840 grams but less than 2.8 kilograms of cocaine base); 36 (at least 2.8 but less than 8.4 kilograms of cocaine base; and 38 (8.4 kilograms or more of cocaine base). Because under *Freeman* the Court cannot consider anything outside the plea agreement, the rule of lenity[6] requires that the Court use 34 as Tyler's base offense level. A downward adjustment of 3 levels for acceptance of responsibility results in a total offense level of 31. Together with criminal history Category VI, Tyler is in a guideline range of 188-235 months. The plea agreement reflected a sentence at the low end of the guideline range and, therefore, under *Freeman* Tyler is now entitled to a sentence of 188 months. Tyler will be resentenced in a separate order.

Accordingly,

IT IS ORDERED:

1. The Defendant's motion regarding a potential reduction in sentence (Filing No. 211) is granted; and

2. A separate Order will be issued with respect to the reduction in sentence.

DATED this 23rd day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[6]The rule of lenity applies to the sentencing guidelines. *United States v. Maxwell,* 5990 F.3d 585 (8th Cir. 2010).